**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph Lee HOLMES, Jr., a.k.a. Joseph Lee Holmes, a.k.a. Joseph L. Holmes, Defendant–Appellant.**

No. 08–14584
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 16, 2009.

Peggy Morris Ronca, Orlando, FL, for Plaintiff–Appellee.

Rosemary T. Cakmis, Donna Lee Elm, Federal Public Defender, Orlando, FL, for Defendant–Appellant.

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Lee Holmes Jr. appeals the denial of his motion for a reduced sentence. 18 U.S.C. § 3582(c)(2). Holmes's motion was based on Amendment 706 to the Guidelines. We affirm.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James,* 548 F.3d 983, 984 (11th Cir.2008) (per curiam). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

The district court did not err. Amendment 706 did not have the effect of lowering Holmes's sentencing range. Holmes was ineligible for a sentence reduction. *See United States v. Moore,* 541 F.3d 1323, 1330 (11th Cir.2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."). We affirm the denial of Holmes's motion.

**AFFIRMED.**